FILED

November 18, 2020

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0183 – *Cody Ryan Fields v. Ross H. Mellinger, et al.*

Hutchison, J., concurring:

I concur with the majority's holding that West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution. I write separately because I believe that the Court should look to The Restatement (Second) of Torts § 874A (1979) in determining whether a legislative provision (or, in this case, a constitutional provision) implies a private right of action for monetary damages.

Section 874A provides:

> When a legislative provision[1] protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

(Footnote added). Comment h to § 874A instructs: "The primary test for determining whether the courts should provide a tort remedy for violation of the legislative provision is whether this remedy is consistent with the legislative provision, appropriate for promoting

---

[1] Comment a to § 874A clarifies that, "[a]s used in this Section, the term 'legislative provision' includes statutes, ordinances and legislative regulations of administrative agencies at various levels of government. It also includes constitutional provisions."

its policy and needed to assure its effectiveness." *Id.* In so determining, the section enumerates six factors "to which a court may be expected to give consideration." They include:

(1) The nature of the legislative provision;

(2) The adequacy of existing remedies;

(3) The extent to which the tort action will aid or supplement or interfere with, existing remedies and other means of enforcement;

(4) The significance of the purpose that the legislative body is seeking to effectuate;

(5) The extent of the change in tort law; and

(6) The burden that the new cause of action will place on the judicial machinery.

*Id. See e.g., Alaska Marine Pilots v. Hendsch*, 950 P.2d 98 (Alaska 1997); *Katzberg v. Regents of Univ. of Calif.*, 58 P.3d 339 (Calif. 2002). I believe that consideration of the certified question under these factors would render a decision that is consistent with the majority's ultimate conclusion that no private right of action for monetary damages exists for a violation of Article III, Section 6 of the West Virginia Constitution.

For the foregoing reason, I concur.